# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, TRUSTEES OF THE CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND, TRUSTEES OF THE CHICAGO REGIONAL COUNCIL OF CARPENTERS SUPPLEMENTAL RETIREMENT FUND, and TRUSTEES OF THE CHICAGO REGIONAL COUNCIL OF CARPENTERS APPRENTICE TRAINING FUND, <br><br>          Plaintiffs, <br> v. <br><br> JODIE NABOR dba COPPER CONSTRUCTION COMPANY, a dissolved Illinois corporation, <br><br> and <br><br> COPPER CONSTRUCTION COMPANY, a dissolved Illinois corporation, <br><br>          Defendants. | CIVIL ACTION |

## C O M P L A I N T

Plaintiffs, Trustees of the Chicago Regional Council of Carpenters Pension Fund, et al., by their attorney, David Whitfield, complain of the Defendants, Jodie Nabor, dba Copper Construction Company, a dissolved Illinois corporation, and Copper Construction Company, a dissolved Illinois corporation, as follows:

1. This action arises under Section 502 of the Employee Retirement Income Security Act ("ERISA")(29 U.S.C. §§1132, 1145), and Section 301(a) of the Labor

Management Relations Act of 1947 ("LMRA"), as amended 29 U.S.C. § 185(a). Jurisdiction is founded on the existence of questions arising thereunder.

2. The Chicago Regional Council of Carpenters Pension Fund, the Chicago Regional Council of Carpenters Welfare Fund, the Chicago Regional Council of Carpenters Supplemental Retirement Fund, and the Chicago Regional Council of Carpenters Apprentice Training Fund ("Trust Funds") receive contributions from numerous employers pursuant to Collective Bargaining Agreements between the employers and the Chicago Regional Council of Carpenters ("Union"), and therefore, are multiemployer plans. (29 U.S.C. §1002). The Trust Funds are administered at 12 East Erie Street, Chicago, Illinois and venue is proper in the Northern District of Illinois.

3. The Defendants entered into a Collective Bargaining Agreement with the Union that binds the Defendants to the provisions of the Collective Bargaining Agreement, and Declarations of Trust that created the Trust Funds ("Trust Agreements").

4. The Collective Bargaining Agreement and Trust Agreements stipulate that the Defendants must provide access to their books and records upon request from the Trust Funds. Access to the Defendants' books and records are required to ensure compliance with the Collective Bargaining Agreement, the Trust Agreements, and to obtain information that may be used to file mechanics liens to collect unpaid contributions and/or in anticipation of collecting unpaid contributions.

5. The Defendants are required to make contributions to the Trust Funds for each hour worked by Union member employees at the rate and in the manner specified in the Collective Bargaining Agreements and Trust Agreements.

6. Signatory employers, such as the Defendants, are required to submit a monthly contribution report listing: (i) the hours worked by Union member employees, (ii) the fringe benefit contributions owed to the Trust Funds, and (iii) dues deducted from its employees' wages. The Defendants must submit payment of the corresponding fringe

2

benefit contributions listed on its monthly contribution report and the deducted dues to the Trust Funds.

7. The Defendants submitted the August 2018 monthly contribution report that states $31,177.31 is owed in fringe benefit contributions, and $1,853.99 was withheld from the Defendants' employees' paychecks. The Defendants did not remit any payment to the Plaintiffs for the August 2018 Report.

8. The Defendants have failed to submit the September 2018, October 2018, and November 2018 monthly contribution reports.

9. The Plaintiffs require immediate access to the Defendants' payroll, job contracts, job cost records, state unemployment wage reports, W-2s, bank statements, and accounts receivable ("Business Records") for the period of August 1, 2018 through the present to determine what amounts are owed for the months of September 2018, October 2018, and November 2018.

10. The Plaintiffs require immediate access to the Defendants' Business Records to obtain the requisite information to perfect mechanic liens to collect from third parties amounts owed by the Defendants.

11. The Plaintiffs have requested access to the Defendants' Business Records in the following manner and occurrences:

    A. On November 26, 2018, Plaintiffs sent an initial letter by courier requiring the review of the Defendants' Business Records within five (5) business days.

    B. On November 29, 2018, the Plaintiffs called the Defendants' contact, Steve Nabor, to schedule the review of records. A message was left on a voicemail that has an outgoing message identified as "Steve's voicemail".

3

      C.    On December 3, 2018, a second call was made and another message was left for Steve Nabor.

      D.    On December 5, 2018, an email was sent to Steve Nabor, CopperConstruction@hotmail.com, to inform him of the attempts made to contact him by phone and asked him to contact the Plaintiffs as soon as possible.

      E.    As of December 18, 2018, no contact has been established with the Defendants.

12.    The Defendants breached the provisions of the Collective Bargaining Agreement by failing to allow Plaintiffs to review the Defendants' Business Records for the period August 1, 2018 through the present.

13.    Plaintiffs have been required to employ the undersigned attorneys to obtain the previously requested company files and records.

14.    The Defendants are required to pay liquidated damages and interest on untimely paid, unpaid fringe benefit contributions, and dues withheld from the Defendants' employees' paychecks.

15.    Defendants are obligated to pay the auditor fees, attorney fees, and court costs incurred by the Plaintiffs pursuant to the Collective Bargaining Agreement, the Trust Agreements, and 29 U.S.C. §1132(g)(2)(D).

16.    Pursuant to 29 U.S.C. §1132(g)(2), Plaintiffs are entitled to an amount equal to the greater of:

   (a)    double interest; or

   (b)    interest plus liquidated damages.

WHEREFORE, Plaintiffs pray:

A. That the Defendants, Jodie Nabor, dba Copper Construction Company, a dissolved Illinois corporation, and Copper Construction Company, a dissolved Illinois corporation, be required to provide Plaintiffs access to Defendants' payroll, job contracts, job cost records, state unemployment wage reports, W-2s, bank statements, and accounts receivable ("Business Records") within five (5) days for the period of August 1, 2018 through the present.

B. That the Defendants be ordered to pay all contributions and dues shown to be due upon review of the Defendants' Business Records.

C. That the Defendants be ordered to pay the audit fees and attorney fees/costs incurred by the Plaintiffs.

D. That the Defendants be ordered to pay liquidated damages and interest.

E. That Plaintiffs have such other and further relief as this Court may be deemed just and equitable all at the Defendants' cost.

                                     Respectfully Submitted,

                                     TRUSTEES OF THE CHICAGO REGIONAL COUNCIL PENSION FUND, et al.

                                            s/David Whitfield
By: _____
      DAVID WHITFIELD

Attorney for Plaintiffs
McGann, Ketterman & Rioux
111 East Wacker Drive, Suite 2600
Chicago, Illinois 60601